STROUD, Judge.
 

 Respondent appeals from the trial court's orders terminating her parental rights to her minor child, Ginny.
 
 [1]
 
 For the following reasons, we affirm.
 

 I. Background
 

 On 4 January 2013, the Haywood County Department of Social Services
 
 [2]
 
 ("DSS") filed a petition alleging Ginny was an abused, neglected, and dependent juvenile because two days earlier Ginny arrived at school with injuries she said were from her "father" spanking her and "accidentally" punching her in the nose; this same date the trial court ordered DSS receive non-secure custody of Ginny. On 4 March 2013, the trial court entered an order adjudicating Ginny to be an abused and neglected juvenile.
 

 On 12 December 2014, the trial court entered an order changing the permanent plan for Ginny to adoption and directing DSS to file a petition to terminate parental rights to Ginny. On 17 February 2015, DSS filed a petition for termination of respondent's parental rights to Ginny alleging grounds of abuse, neglect, failure to make reasonable progress to correct the conditions that led to Ginny's removal from her home, failure to pay a reasonable portion of the cost of Ginny's care while she was in DSS custody, and dependency. On 5 November 2015, the trial court entered an order concluding that grounds exist to terminate respondent's parental rights pursuant to neglect, failure to make reasonable progress to correct the conditions that led to Ginny's removal from her home, and failure to pay a reasonable portion of the cost of Ginny's care while she was in foster care. Thereafter, the trial court held a disposition hearing.
 

 The trial court held a disposition hearing on 9 November 2015, wherein respondent attempted to offer Dr. Sandra Newes as an expert witness in clinical psychology. Upon objection from both DSS and the guardian ad litem, the trial court allowed a
 
 voir dire
 
 examination of Dr. Newes to determine if she qualified to testify as an expert witness in this particular case. After the
 
 voir dire
 
 , the trial court sustained DSS's and the guardian ad litem's objection and did not allow her to testify as an expert witness. However, the trial court did allow respondent to elicit testimony from Dr. Newes as an offer of proof. Ultimately, the trial court concluded that termination of respondent's parental rights was in Ginny's best interests, and on 3 December 2015 it entered an order terminating respondent's parental rights to Ginny.
 
 [3]
 
 Respondent appeals.
 

 II. Expert Witness
 

 The only issues respondent raises on appeal are regarding Dr. Newes. Respondent argues that "(1) Dr. Newes qualified as an expert; (2) the testimony satisfied the requirements of N.C.R. Ev. 702(2) ; and (3) the testimony was relevant, reliable, and necessary
 
 *542
 
 to determine the child's best interest" because
 

 3. Even under the more stringent Rules of Evidence Dr. Sandra Newes' expert testimony was admissible, because she qualified as an expert witness; her expert opinion was based on sufficient facts and data; and her opinion resulted from reliable principles and methods applied to the facts.
 

 4. In excluding Dr. Newes testimony, the trial court improperly applied the Rules of Evidence instead of the statutory best interest hearing procedures, under which the rules of Evidence do not apply[.]
 

 5. The trial court wrongfully excluded Dr. Newes' testimony based on matters that go to the weight of the evidence not its admissibility.
 

 6. The trial court improperly limited Mother's offer of proof, saying "this is an offer of proof, not testimony."
 

 7. The trial court's erroneous exclusion of Dr. Newes' expert testimony deprived Mother of a fundamental right and resulted in harm.
 

 But we need not determine whether the trial court was required to consider Dr. Newes as an "expert witness" under Rule of Evidence 702 as defendant argues, since as a practical matter, the trial court found that Dr. Newes's testimony would not be helpful due to her lack of contact with the child and her lack of experience in juvenile neglect and dependency cases.
 

 Where scientific, technical, or other specialized knowledge
 
 will assist the fact finder
 
 in determining a fact in issue or in understanding the evidence, an expert witness may testify in the form of an opinion, N.C.R. Evid. 702, and the expert may testify as to the facts or data forming the basis of her opinion, N.C.R. Evid. 703.
 

 State v. Kennedy
 
 ,
 
 320 N.C. 20
 
 , 32,
 
 357 S.E.2d 359
 
 , 366 (1987) (emphasis added). Here, the trier of fact was the trial judge, not a jury.
 

 The trial court found:
 

 106. Dr. Sandra Newes was tendered to Court as an expert witness in the field of Clinical Psychology by Counsel for the Respondent Mother. The Court finds that Dr. Newes has never met with, observed, or tested the minor child. She has never had involvement in a Department of Social Services' case. There is insufficient evidence to show that any opinion Dr. Newes would provide to the Court in this case would be based on sufficient, reliable data in regard to this juvenile. The Court sustains the Agency and Guardian ad Litem Program's objection to Dr. Sandra Newes testifying as an expert witness in this case.
 
 The Court specifically finds that Dr. Newes' [proffered] testimony will not assist the trier of fact to understand the evidence or determine any facts in issue.
 

 (Emphasis added.)
 

 Thus, the trial court did not really determine that Dr. Newes did not meet the qualifications of professional education and experience to testify as an expert witness under Rule 702 but rather determined due to her unfamiliarity with the child, she simply had no testimony to offer which the trial judge as the trier of fact would deem to be persuasive. As the trier of fact, the trial judge was free to determine the credibility of the evidence and weigh it as he saw fit.
 
 See
 

 Riley v. Ken Wilson Ford, Inc.
 
 ,
 
 109 N.C.App. 163
 
 , 168,
 
 426 S.E.2d 717
 
 , 720 (1993) ("When the trial judge sits as trier of fact she has the duty to determine the credibility of the witnesses and weigh the evidence; her findings of fact are conclusive on appeal if supported by competent evidence.") The trial court was under no obligation to consider Dr. Newes's testimony as credible or of substantial weight even if the trial court allowed her to testify as an expert witness.
 
 See generally
 
 id.
 

 Therefore, we need not address respondent's numerous issues on appeal regarding Rule 702 or other Rules of Evidence regarding expert testimony as this was not the basis of the trial court's sustaining the objection to Dr. Newes's testimony.
 

 Respondent also argues that the trial court improperly limited her offer of proof regarding Dr. Newes. But the trial court allowed defendant and Dr. Newes to provide an offer of proof for approximately 14 pages of the transcript. The offer of proof sets forth the opinions which Dr. Newes would have presumably described in greater detail, if
 
 *543
 
 allowed to testify as an expert. As the trial court noted, "[t]his is an offer of proof[,]" and it was not testimony. The proffer was sufficient for the trial court to understand Dr. Newes's evaluation of the case and opinions, but also sufficient for the trial court to determine that her lack of a personal evaluation of the child and her lack of juvenile court experience rendered her testimony of no use to the trial court.
 

 Furthermore, the trial court did not, as respondent argues, "deprive [ ] Mother of a fundamental right [which] resulted in harm" by not permitting testimony from Dr. Newes as an expert witness, because again, the trier of fact's ability to weigh the evidence is paramount with any witness testimony, lay or expert.
 
 See generally
 
 id.
 

 Certainly it would have been helpful to respondent had the trial court weighed her evidence differently throughout this case, but as the trier of fact on this issue, the trial court was not bound to find respondent's evidence to be credible or give it more weight than any other evidence, so the trial court did not deny respondent's rights.
 

 Respondent also argues that "[t]he trial court's findings of fact excluding Dr. Newes's expert testimony are not supported by the evidence [.]" Here too, respondent has numerous sub-points:
 

 1. The evidence established that Dr. Newes' expert opinion was based on sufficiently reliable data regarding Ginny based on the standards in the psychology profession.
 

 2. Dr. Newes' expert opinion related to Ginny's best interest and would assist an impartial trier of fact to understand the evidence and determine the primary fact at issue.
 

 3. The trial court's unsupported findings of fact and order excluding Dr. Newes' testimony deprived Mother of her right to present evidence and receive a fair trial.
 

 While respondent's argument is framed as a challenge to the findings of fact, she is really challenging the trial court's determination, in its discretion,
 
 see generally
 

 id.
 

 that Dr. Newes's testimony would not be helpful based upon her lack of contact with the child and her lack of experience in juvenile matters. The trial court did not allow Dr. Newes to testify as an expert because he did not find her testimony persuasive due to the fact that she had "never met with, observed, or tested the minor child[, and s]he has never had involvement in a Department of Social Services' case." The "reliable data" respondent notes is Dr. Newes's expertise in her field, which is not at issue on appeal. Essentially, the trial court determined Dr. Newes did not have expertise "in regard to this juvenile" which was supported by the evidence.
 

 Respondent also notes that it is not always necessary that an expert witness such as a psychologist or physician personally examine a person before they are permitted to testify as an expert witness about that person's condition. That is true but irrelevant to this case. This trial judge, who was also the trier of fact, determined that under the unique circumstances of this case and the characteristics of this juvenile, an expert evaluation by a psychologist who had not worked with the juvenile and who lacked experience in juvenile court matters was not helpful to the trier of fact. Another trial judge may have made a different discretionary determination and weighed the evidence differently and thus allowed Dr. Newes's testimony because it would be helpful to that trial judge, but as an appellate court, it is not our role to determine the weight to give to the evidence in either event.
 
 See
 

 Kelly v. Duke Univ.
 
 ,
 
 190 N.C.App. 733
 
 , 738-39,
 
 661 S.E.2d 745
 
 , 748 (2008) ("On appeal, this Court may not reweigh the evidence or assess credibility.").
 

 In summary, the trial court actually did not directly rule on respondent's request to allow Dr. Newes to testify
 
 as an expert witness
 
 ; rather, the trial court determined that even if Dr. Newes was an expert in the field of clinical psychology, she simply did not have any evidence to offer to him as the trier of fact that he would deem to be credible and persuasive. The trial court allowed respondent to present a lengthy offer of proof, all of which the trial court heard. In actuality, respondent is asking this Court to weigh the evidence differently, in her favor, and conclude that Dr. Newes's opinion
 
 should have
 

 *544
 

 been useful
 
 to the trier of fact. We are not the fact finder; this we cannot do.
 
 See
 
 id.
 

 These arguments are overruled.
 

 III. Conclusion
 

 For the foregoing reasons, we affirm.
 

 AFFIRMED.
 

 Judges CALABRIA and INMAN concur.
 

 [1]
 

 A pseudonym is used to protect the identity of the juvenile and for ease of reading.
 

 [2]
 

 Now called the Haywood County Health and Human Services Agency.
 

 [3]
 

 The order also terminated the parental rights of Ginny's father, but he is not a party to this appeal.